IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELMWOOD MISSIONARY BAPTIST,
CHURCH,

            Plaintiff,

v.                                 CIVIL ACTION NO. 2:25-cv-00753

CHURCH MUTUAL INSURANCE
COMPANY, S.I., and
MITCHELL KIES,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Church Mutual and Kies' Motion to Bifurcate and Stay* (Document 16), the *Memorandum of Law in Support of Church Mutual and Kies' Motion to Bifurcate and Stay* (Document 17), the *Plaintiff's Response to Defendants' Motion to Bifurcate and Stay* (Document 18), the *Reply of Defendants to Plaintiff's Response to Defendants' Motion to Bifurcate and Stay* (Document 22), and the *Plaintiff's Motion for Leave to File Brief Sur-Response to Defendants' Reply on Motion to Bifurcate and Stay* (Document 23).

This litigation involves insurance coverage for church property damaged or destroyed following a roof collapse. The Defendants seek to bifurcate the Plaintiff's claims for declaratory judgment/breach of contract and its claims for bad faith and violation of the West Virginia Unfair Trade Practices Act (WVUTPA) and to stay the bad faith and WVUTPA claims. They contend that "[i]solation and early resolution of the coverage dispute will promote judicial economy and

avoid unduly prejudicing Church Mutual and Kies." (Defs.' Mem. at 7.) The Plaintiff contends that the conflicting expert testimony, rather than a straightforward contractual interpretation, will be necessary to resolve the coverage dispute, and bifurcation would result in multiple discovery periods, motions, and trials. The Plaintiff asserts that the coverage and breach of contract claims are inextricably intertwined with the bad faith and WVUTPA claims. In addition, the Plaintiff contends "bifurcation would involve duplication of the presentation of evidence related to the extent of the damages and the multiple inspections of the property." (Pl.'s Resp. at 10.) In reply, the Defendants emphasize that because they claim that the Plaintiff's policy is void *ab initio*, concerns about overlapping discovery are not applicable here.

Rule 42(b) of the Federal Rules of Civil Procedure provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. "It is within the Court's discretion to determine whether to grant a motion for bifurcation under Rule 42(b)." *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W. Va. 1998) (Hallanan, S.J.). The West Virginia Supreme Court established a set of factors to be considered in determining whether discovery should be stayed in a first-party bad faith claim against an insurer:

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.

Syl. Pt. 3, *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 65 (W. Va. 1998).

"The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue." *Id.*; *Toler v. Gov't Employees Ins. Co.*, 309 F.R.D. 223, 225 (S.D.W. Va. 2015) (Goodwin, J.). Some courts have chosen to consider a stay of discovery separately from the issue of whether

to bifurcate the claims for trial, reserving the latter question for consideration at the close of discovery. *Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-CV-09356, 2014 WL 880876, at *2 (S.D.W. Va. Mar. 6, 2014) (Goodwin, J.) (listing cases, and permitting a renewed motion to bifurcate claims for trial following the close of discovery); *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13CV80, 2013 WL 5777280, at *8 (N.D.W. Va. Oct. 25, 2013).

The Court finds that the Defendants have not met their burden of establishing that pre-trial bifurcation and a stay of discovery as to the bad faith and WVUTPA claims is warranted. This case is not overly complex. While partial discovery may be feasible, the Court finds it would be inefficient. The Defendants' voidness claim centers on the destruction of the property several months after the asserted covered event, in contrast to defenses to coverage that rely only on contractual language. Potential prejudice and judicial economy turn on the outcome of the contract claims. As Judge Hallanan explained in *Light*:

> Bifurcation might prove economical should Allstate win on the contract issue, but if Allstate does not prevail, the Court is faced with two voir dires, two phases of discovery and another round of seemingly endless motion filing and responses, all in addition to two separate trials. This can be very expensive and no doubt time consuming for all those involved.

*Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W. Va. 1998) (Hallanan, S.J.) (concluding that judicial economy weighed in favor of a unitary trial). The coverage issue and the bad faith issue will likely involve overlapping documents and witnesses, such that staying discovery on the bad faith claims could result in multiple depositions of the same individuals. Thus, the Court finds that a stay as to the bad faith and WVUTPA claims would not promote judicial economy and could well serve to unnecessarily prolong litigation.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Church Mutual and Kies' Motion to Bifurcate and Stay* (Document 16) be **DENIED**, without

prejudice to a future motion to bifurcate for trial purposes, and that the *Plaintiff's Motion for Leave to File Brief Sur-Response to Defendants' Reply on Motion to Bifurcate and Stay* (Document 23) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 9, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA